Filed 6/30/21  In re J.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.M. et al., Persons Coming Under the Juvenile Court Law. | C092737 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.M.,<br><br>Defendant and Appellant. | (Super. Ct. Nos. JD239771, JD239772) |

Appellant J.M., father of the minors (father), appeals from the juvenile court's orders terminating parental rights and freeing the minors for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  His sole contention on appeal is that the Sacramento County Department of Child, Family and Adult Services (Department) and juvenile court failed

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA) because the Department did not adequately inquire into the paternal information that the minors may have Cherokee heritage. (25 U.S.C. § 1901 et seq.; § 224.2.) We disagree and will affirm.

## BACKGROUND

The underlying facts of the dependency are not at issue and we do not recite them. We limit our recitation of the background to those facts relevant to the ICWA inquiry and noticing requirements.

On April 5, 2019, the Department filed a petition pursuant to section 300, subdivisions (b) and (e) in regards to the minor, S.M., and section 300, subdivisions (b), (e), and (j) in regards to the minor, J.M. The mother denied having any Indian heritage. But father filed a Parental Notification of Indian Status form (Judicial Council Forms, form ICWA-020) wherein he claimed he may have Cherokee ancestry. The juvenile court found it was unclear whether there was reason to know that the minors may be Indian children and ordered that the Department make further inquiries regarding the minors' possible Indian status pursuant to section 224.2, subdivision (e).

The Department's May 22, 2019 jurisdiction/disposition report outlined the Department's initial ICWA compliance efforts. On May 1, 2019, the social worker interviewed father regarding his claim of Native American ancestry, and he reported he might have Cherokee ancestry from the paternal grandfather, O.M., but did not have contact information for the grandfather. That same day, the social worker contacted the paternal aunt, A.M., who reported she was informed they may have Cherokee ancestry from O.M., but she was not aware of any tribal enrollment. On May 15, 2019, the social worker contacted A.M. again to obtain O.M.'s contact information for the purpose of further ICWA inquiry, but she reported O.M. had not been a part of their lives and they do not have a relationship. A.M. reported she would attempt to find the paternal grandfather's contact information and provide it to the social worker. She denied any

2

additional information or other relatives who would know additional information regarding ICWA.

On June 7, 2019, the Department filed the second addendum to the jurisdiction/disposition report, detailing further ICWA compliance efforts. The social worker contacted A.M. again on June 4, 2019, to follow up regarding O.M.'s contact information, and A.M. indicated she was not able to obtain O.M.'s contact information. The social worker inquired from A.M. as to any additional family members who may have information regarding Native American heritage, and A.M. denied any additional information or contact for other relatives. On June 4, 2019, the social worker contacted the Bureau of Indian Affairs (BIA) and left a message and an e-mail for the BIA social worker inquiring about the possibility of Native American tribe eligibility. On June 4, 2019, the social worker contacted the California Department of Social Services (CDSS) Office of Tribal Affairs for assistance in identifying the names and contact information of the tribe, which the minors may be eligible for tribal enrollment, and was unable to obtain contact information. The social worker then e-mailed the CDSS Office of Tribal Affairs for further assistance but had not received a response at the time of the report. The social worker then contacted the Cherokee tribes to inquire about the minors' eligibility for enrollment in an Indian tribe and spoke with the Social Services/Children's Service Department. The social worker was informed that they were unable to provide information as a certified letter was needed.

On July 29, 2019, the Department filed the third addendum to the jurisdiction/disposition report containing additional ICWA information. On June 11, 2019, the social worker e-mailed the Eastern Band of Cherokee Indians family safety supervisor, and provided her with the minors' names and birth dates, as well as the mother's and father's names and birth dates; the next day, the social worker received an e-mail indicating all ICWA inquiries must be sent via certified mail. On June 12, 2019, the social worker sent a certified letter to the Eastern Band of Cherokee Indians. On

June 20, 2019, the social worker received a letter from the Eastern Band of Cherokee Indians, Family Safety Program manager who reported neither of the minors are considered an "Indian child" in relation to the Eastern Band of Cherokee Indians. On June 11, 2019, the social worker e-mailed the Cherokee Nation eligibility supervisor, and provided her with the minors' names and birth dates, as well as the mother's and father's names and birth dates, and a response was received on June 12, 2019, indicating the Cherokee Nation Indian Child Welfare had examined the tribal records and none of the names could be found; as such, the minors are not Indian children in relation to the Cherokee Nation. On June 11, 2019, the social worker e-mailed the United Keetoowah Band of Cherokee Indians and provided the minors' names and birth dates, as well as the mother's and father's names and birth dates. On June 26, 2019, the social worker received an e-mail from the United Keetoowah Band of Cherokee Indians, Indian Child Welfare Department, indicating the tribe had examined their tribal records and none of the names provided could be found; as such, the minors were not eligible to become citizens and/or not recognized as citizens of the United Keetoowah Band of Cherokee Indians. The Department attached a letter dated June 12, 2019, from the Cherokee Nation, which stated the tribe had examined their tribal records and none of the names provided could be found, as such the minors are not Indian children in relation to the Cherokee Nation as defined in the Federal Indian Child Welfare Act.

The Department submitted a letter dated June 20, 2019, from the Eastern Band of Cherokee Indians Public Health & Human Services, which indicated the tribe had reviewed the tribal registry and, based on the information received from the Department, the child S.M. was neither registered nor eligible to register as a member of the tribe. The letter further indicated "[S.M.] is not considered an 'Indian Child' in relation to the Eastern Band of Cherokee Indians as defined in 25 U.S.C., Section 1903(4)." An identical letter was received on the same date in relation to the child J.M. An e-mail was also submitted dated June 26, 2019, to the social worker from the United Keetoowah

4

Band of Cherokee Indians, Indian Child Welfare Department, which stated the tribe had received the e-mail ICWA inquiry, and had reviewed and researched the tribal history and concluded, "Based on the information that has been exactly provided to us, we are unable to establish Keetoowah Heritage. [¶] Therefore, the children, [S.M.] . . . & [J.M.] . . . are NOT eligible to become citizens and/or are NOT recognized as citizens of the United Keetoowah Band of Cherokee Indians."

On August 14, 2019, the juvenile court held an ICWA compliance hearing and made the finding that ICWA does not apply to the minors. Subsequently, parental rights were terminated on September 11, 2020. Father timely appealed.

## DISCUSSION

Father contends the juvenile court erred in finding that the ICWA did not apply to the minors because the record was silent as to what information the Department sent to the tribes. Specifically, he argues the evidence does not support the juvenile court's finding because the Department did not adequately provide copies of the correspondence sent to the respective tribes.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. (See 25 U.S.C. § 1902; *In re Levi U.* (2000) 78 Cal.App.4th 191, 195-196.) A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' (25 U.S.C. § 1901(3).)" (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

5

Section 224.2, subdivision (e) provides that if the court or social worker has *reason to believe* that an Indian child is involved in a proceeding, the court or social worker shall, as soon as practicable, make further inquiry regarding the possible Indian status of the child. Further inquiry includes, but is not limited to: (1) interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.3;[2] (2) contacting the BIA and the State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership in; and (3) contacting the tribe or tribes and any other person that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility. Contact with a tribe must, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of notices under the ICWA, and sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case. (§ 224.2, subd. (e).)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.,* subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section

---

[2] Section 224.3, subdivision (a)(5) includes the name, birth date, and birthplace of the Indian child, if known; the name of the Indian tribe; and the names and other identifying information of the Indian child's biological parents, grandparents, and great-grandparents, if known.

6

224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.,* subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

Here, the social worker made substantial efforts to make contact, gather and share information regarding the minors' possible Indian ancestry with father and his relatives, the BIA, the CDSS Office of Tribal Affairs, and the Cherokee tribes. Father contends reversal is required because the Department was required to file documentation with the juvenile court establishing the efforts it undertook to obtain information about the minors' possible Indian ancestry. He is wrong. Section 224.2 does not identify a particular manner by which the Department must inform the juvenile court of its inquiry efforts when there is only "reason to believe" (§ 224.2, subd. (e)) a child may be an Indian child. (*In re M.W.* (2020) 49 Cal.App.5th 1034, 1046.) It does not require the Department file documentation with the juvenile court establishing its efforts. The Department may demonstrate its efforts or due diligence via reports, declaration, or testimony. (*Ibid.*)[3]

The evidence was sufficient to support the juvenile court's finding. Father stated that he may have Cherokee heritage but was unable to provide any additional information to aid in the ICWA investigation and contact information for the paternal grandfather. The Department filed the jurisdiction/disposition report and subsequent addendums to the report, describing the details of repeated contact with the paternal aunt, attempting to

---

[3] The juvenile court held an ICWA compliance hearing on August 14, 2019, and made the finding that ICWA does not apply to the minors. The transcript of that hearing is not part of the record on appeal.

procure contact information for the paternal grandfather or other family members with information about paternal Indian heritage. No other relatives were identified as having information and the paternal grandfather's contact information was unknown to father and the paternal aunt.

The social worker then pursued information from the BIA and the Cherokee tribes. The social worker's signed report adequately described what information was sent to each of the three tribes, and the Department filed copies of each tribe's response with the court. The social worker described the e-mail sent to the Eastern Band of Cherokee Indians family safety supervisor, which provided the minors' names and birth dates, as well as the mother's and father's names and birth dates, which was the only pertinent information gleaned from the family interviews. The next day, the social worker received an e-mail indicating all ICWA inquiries must be sent via certified mail, and the social worker reported sending the inquiry by certified letter to the Eastern Band of Cherokee Indians. The Eastern Band of Cherokee Indians responded that neither child was registered or eligible to be registered with the tribe, and these letters were filed with the juvenile court. While the certified letter sent to the tribe is not a part of the record, the social worker's declaration in combination with the response from the tribe is sufficient to support the inference that the social worker sent the information it had about the minors' and parents' names and birth dates to the tribe just as it sent the information to the tribe by e-mail. The social worker likewise described sending the same information to the Cherokee Nation and the United Keetoowah Band of Cherokee Indians and receiving similar responses that the minors are not Indian children within the meaning of the ICWA. The responses from these two tribes were also filed with the juvenile court.

We conclude that the foregoing reports from the social worker and letters from the tribes are sufficient to support the juvenile court's finding that ICWA does not apply to the minors. The Department's further inquiry was sufficient and complied with the

8

guidelines of ICWA. Section 224.2 does not require the Department to file copies of its correspondence with the court, and father does not provide any statutory authority supporting his argument. We thus reject his claim of error.

## DISPOSITION

The orders of the juvenile court are affirmed.


_____/s/_____
RAYE, P. J.


We concur:


_____/s/_____
BLEASE, J.


_____/s/_____
HULL, J.


9